Stacey Anne Mahoney
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000
*Attorneys for Plaintiff*
*Investor's Business Daily, Inc.*

**JUDGE ROMAN**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INVESTOR'S BUSINESS DAILY, INC.,

          Plaintiff,

-against-

MARK A. GRIMALDI, and PRESTIGE ORGANIZATION, INC.,

          Defendants.

14 Civ. _____ ( )

**COMPLAINT**

Jury Demand

---

Plaintiff Investor's Business Daily, Inc. ("IBD" or "Plaintiff"), by its undersigned attorneys, for its Complaint herein allege upon knowledge as to itself and otherwise upon information and belief, as follows:

### NATURE OF THE ACTION

1. This action arises out of the willful unauthorized publication by Mark A. Grimaldi ("Grimaldi") and Prestige Organization, Inc. ("Prestige") (collectively, "Defendants") of a copyrighted news story owned by IBD in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

2. Grimaldi's and Prestige's unlawful acts were, and continue to be, undertaken with full knowledge and disregard of IBD's copyrights, and of Plaintiff's business investments, methods and efforts upon which Defendants free-ride to Plaintiff's detriment and harm.

## THE PARTIES

3. Plaintiff is a corporation incorporated under the laws of the State of California with its principal place of business at 12655 Beatrice Street, Los Angeles, California. IBD owns, operates, and publishes a print and online newspaper known as *Investor's Business Daily* (the "Newspaper"). The Newspaper is published and distributed Monday through Friday throughout the United States, including in New York, and reports on international business, finance, and the global economy.

4. On information and belief, Defendant Prestige Organization, Inc., is a New York Corporation with a principal place of business at 1207 Route 9, Suite 10, Wappingers Falls, NY, 12590.

5. On information and belief, Defendant Mark A. Grimaldi is an individual residing at 3 Kim Lane, Poughkeepsie, New York, 12601, and at all times relevant to this action, has been the majority-owner and has controlled, and continues to be the majority owner and to control, Prestige.

6. At all relevant times hereto, Prestige and Grimaldi published a newsletter by the name of *The Money Navigator*.

7. Grimaldi and Prestige control, direct and are responsible for the content published in *The Money Navigator*.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this case arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(c) in that Defendant Prestige conducts business in this judicial district so as to subject it to personal jurisdiction and Defendant Grimaldi resides in this judicial district. Venue is also proper in this judicial district under 28 U.S.C. § 1400(a) in that this action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and Defendants may be found in this judicial district.

## FACTUAL BACKGROUND

### A. IBD's Business Operations

10. IBD incurs substantial costs in publishing the Newspaper, including by expending substantial resources in news reporting, writing, editing, printing, distributing, and marketing.

11. On or about November 28, 2011, IBD published in print and online an article in the Newspaper entitled "Exchange Traded Funds' Sector Rotation Is Key To Turning Profits For This Manager" (the "Work"). The Work included an interview of Grimaldi conducted by an IBD employee. A true copy of a color image of the print edition of the Work is annexed hereto as Exhibit A.

12. IBD is the owner of all right, title and interest, including all copyrights, in and to the Work. The Work contains original material, constitutes copyrightable subject matter, and is the subject of a United States Certificate of Copyright Registration bearing number TX 6-789-273, issued on February 17, 2012, a true copy of which is attached hereto as Exhibit B.

### B. Grimaldi's and Prestige's Unauthorized and Infringing Use of Plaintiff's Work

13. Grimaldi and Prestige, without obtaining the requisite license or any other authorization, caused to be published, with only minor alterations, the content of the Work on the front page of the December 2011 issue of *The Money Navigator* under the headline "How to

3

Navigate ETFs Like a Pro" (the "Infringing Work"). A true copy of the Infringing Work is annexed hereto as Exhibit C.

14. The Infringing Work included an introduction attributed to Grimaldi stating: "I have received many emails from readers asking me to explain how our exchange-traded fund (ETF) ranking system works. The following is a summary of my recent interview with Investor's Business Daily."

15. Notwithstanding their knowledge of IBD's rights in and to the Work, and the investment made by IBD in the writing, editing and publication of the Work, Grimaldi and Prestige caused to be published and have sold copies of *The Money Navigator* that unlawfully and without authorization infringed upon the Work.

16. Grimaldi's and Prestige's reproduction and distribution of the Infringing Work was wholly without any license from Plaintiff or anyone authorized to consent thereto on behalf of Plaintiff.

17. At the time of the publication of the Infringing Work, Grimaldi and Prestige knew of Plaintiff's existence, and knew that Plaintiff owned exclusive rights in the Work.

18. By publishing the Infringing Work, Grimaldi and Prestige have infringed Plaintiff's exclusive rights under copyright, including the rights of reproduction and distribution in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

19. Grimaldi's and Prestige's infringements are the direct and proximate cause of injury to Plaintiff.

20. Defendants' acts of infringement were willful, in disregard of, and with indifference to Plaintiff's rights under copyright.

A/76190739.1

## FIRST CLAIM FOR RELIEF AS AGAINST GRIMALDI
### (Contributory Copyright Infringement)

21.  IBD repeats and realleges each and every allegation in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22.  By enabling, facilitating, and materially contributing to the infringement of the Work, with actual knowledge of the infringement, Grimaldi contributed to the direct infringement of the Work, in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501.

23.  Grimaldi knowingly, willfully and contributorily infringed IBD's copyright in and to the Work by, *inter alia*, playing a material role in publishing, selling, offering for sale and otherwise distributing unauthorized copies of the Work, and unauthorized derivative works thereof, in violation of IBD's rights pursuant to 17 U.S.C. §§ 106 and 501.

24.  Grimaldi's acts of contributory infringement were willful, in disregard of, and with indifference to Plaintiff's exclusive rights, and were the direct and proximate cause of damage to the Plaintiff.

25.  Plaintiff is entitled to an award of damages in such amount as may be found, or alternatively, for maximum statutory damages of not less than $150,000 for all individual copyright infringements involved in the action with respect to any one work for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

26.  Plaintiff is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

A/76190739.1

## SECOND CLAIM FOR RELIEF AS AGAINST PRESTIGE
### (Direct Copyright Infringement)

27. IBD repeats and realleges each and every allegation in paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Prestige knowingly and willfully infringed IBD's copyright in and to the Work by, *inter alia*, publishing, causing to be published, selling, offering for sale and otherwise distributing unauthorized copies of the Work, and unauthorized derivative works thereof, in violation of IBD's rights pursuant to 17 U.S.C. §§ 106 and 501.

29. Prestige's acts of infringement were willful, in disregard of, and with indifference to Plaintiff's exclusive rights and were the direct and proximate cause of damage to the Plaintiff.

30. Plaintiff is entitled to an award of damages in such amount as may be found, or alternatively, for maximum statutory damages of not less than $150,000 for all individual copyright infringements involved in the action with respect to any one work for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

31. Plaintiff is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF AS AGAINST ALL DEFENDANTS
### (Vicarious Copyright Infringement)

32. IBD repeats and realleges each and every allegation in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Defendants had the right and ability to supervise and control the infringing conduct of each other.

34. Defendants failed to exercise such supervision and control.

A/76190739.1

35. Defendants derived a direct financial benefit from this infringement.

36. As a direct and proximate result of the foregoing acts and conduct of Defendants, Plaintiff has been damaged and its exclusive rights to the Work under the Copyright Act, 17 U.S.C. §§ 106 and 501, have been infringed.

37. Defendants' acts of vicarious infringement were willful, in disregard of and with indifference to the rights of Plaintiff.

38. Plaintiff is entitled to an award of damages in such amount as may be found, or alternatively, for maximum statutory damages of not less than $150,000 for all individual copyright infringements involved in the action with respect to any one work for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

39. Plaintiff is entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment from this Court as follows:

A. Directing Defendants to deliver up for destruction all unauthorized copies of the Work and any derivative works based thereon, pursuant to 17 U.S.C. § 503;

B. That an accounting and judgment be rendered against Defendants for:

1. All profits received from the use, distribution or sale of infringing copies or derivative works of the Work, as provided by 17 U.S.C. § 504(b);

2. All actual damages suffered by IBD as a result of Defendants' copyright infringement of the Work, as provided by 17 U.S.C. § 504(b);

    3.    Statutory damages for copyright infringement by Defendants, as allowable under 17 U.S.C. § 504(c), if such amounts are greater than the combined amounts of (1) and (2) above; and

    4.    An increase of statutory damages as against Defendant Grimaldi on account of Defendant Grimaldi's knowing and willful infringements of IBD's rights in and to the Work pursuant to 17 U.S.C. § 504(c)(2);

C.    For an award of costs in this action, including reasonable attorneys' fees and full costs as allowable under 17 U.S.C. § 505; and

D.    Such other and further relief as the Court deems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: New York, New York.
September 11, 2014

**BINGHAM MCCUTCHEN LLP**

By: _/s/ Stacey Anne Mahoney_
Stacey Anne Mahoney
stacey.mahoney@bingham.com
399 Park Avenue
New York, NY 10022-4689
Tel: (212) 705-7273
Fax: (212) 508-1450

Jonathan Albano (*pro hac vice* motion to be filed)
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726
jonathan.albano@bingham.com
Tel: (617) 951-8360
Fax: (617) 345-5002

*Attorneys for Plaintiff Investor's Business Daily, Inc.*